UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CHARLENE A. LEWIS, | ) | No. CV 05-07091-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | (Social Security Case) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff raises the following issue: That the ALJ failed to

provide legally sufficient reasons to reject her testimony as to subjective pain and symptoms.   In making this argument, Plaintiff asserts that the ALJ cited only one reason for rejecting her testimony: that the objective medical evidence did not support the level of limitation which she described. (See Joint Stipulation ["JS"] at 6, citing Administrative Record ["AR"] at 25.)

While Plaintiff cites the correct legal standard, her factual argument is incorrect.  The ALJ's decision goes substantially beyond reliance on a lack of correlation between the objective medical evidence and subjective pain testimony. As set forth in the decision, upon which the Court must rely, the ALJ also cited her self-reported activities of daily living ("ADLs") (see AR at 24); her demeanor; her tendency to exaggerate her symptoms and limitations; and conservative medical treatment which appeared to successfully control her impairments. (See AR at 25.)  All of these factors come within the ambit of credibility analysis whose parameters are defined by regulations and court decisions.  For example, SSR 96-7p mandates that the adjudicator must, in addition to objective medical evidence, consider ADLs, location, duration, frequency and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, received; any measures other than treatment used to relieve pain; and, any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Similarly, the regulations mandate consideration of such factors. See 20 C.F.R. §§404.1529 and 416.929.  The ALJ was well aware of these

2

regulations, and cited them in the paragraph of his decision which assessed Plaintiff's credibility. (See AR at 25.)

Plaintiff does not challenge the correctness of the ALJ's conclusions, even on the issue of whether the objective medical evidence supports the degree of limitation to which Plaintiff testified. Moreover, the Court's own independent review of the record leads it to conclude and find that the ALJ's findings are supported by substantial evidence and are sufficiently specific to evaluate according to prevailing law. See Bunnell v. Sullivan 947 F.2d 341, 345-346 (9th Cir. 1991)(en banc). Even absent the ALJ's observations of Plaintiff's demeanor at the hearing, which the Court concludes comes perilously close to forbidden "sit and squirm" jurisprudence, it is clear that the balance of the reasons cited by the ALJ are both substantial and sufficient to sustain the credibility finding.

For the foregoing reasons, the Court rejects Plaintiff's contention that the ALJ improperly depreciated her credibility. The decision of the Commissioner will be affirmed.

**IT IS SO ORDERED.**


DATED:  September 11, 2006

                              /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE